**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DEMARIO TAYLOR, | |
| Plaintiff, | Case No. 4:24-cv-00274 |
| v. | **JURY TRIAL DEMANDED** |
| NORTH COUNTY POLICE COOPERATIVE<br>Serve: Person in Charge<br>8027 Page Ave.<br>St. Louis, MO 63130 | |
| CITY OF DELLWOOD<br>Serve: Person in Charge<br>1415 Chambers Rd.<br>Dellwood, MO 63135 | |
| CITY OF PINE LAWN<br>Serve: Person in Charge<br>6250 Steve Marre Ave.<br>Pine Lawn, MO 63121 | |
| CITY OF WELLSTON<br>Serve: Person in Charge<br>1414 Evergreen<br>Wellston MO 63133 | |
| CITY OF VINITA PARK<br>Serve: Person in Charge<br>8374 Midland Blvd.<br>St. Louis, MO 63114 | |
| VILLAGE OF HANLEY HILLS<br>Serve: Person in Charge<br>7713 Utica Drive<br>Hanley Hills, MO 63133 | |
| CITY OF VELDA VILLAGE HILLS<br>Serve: Person in Charge<br>3501 Avondale Ave.<br>Velda Village Hills, MO 63121 | |

CITY OF BEVERLY HILLS
Serve:  Person in Charge
        7150 Natural Bridge Rd.
        Beverly Hills, MO  63121

VILLAGE OF UPLANDS PARK
Serve:  Person in Charge
        6390 Natural Bridge Rd.
        Uplands Park, MO 63121

JOHN BUCHANAN
Serve:  Chief John Buchanan
        8374 Midland Blvd.
        Vinita Park, MO  63114

MARCELLIS BLACKWELL,

        Defendants.

## COMPLAINT

COMES NOW, Plaintiff DeMario Taylor, by and through his undersigned counsel, and brings this Complaint for damages against Defendants North County Police Cooperative, Dellwood, Pine Lawn, Wellston, Vinita Park, Handley Hills and Marcellis Blackwell, and states as follows:

## PARTIES

1. Plaintiff DeMario Taylor, at all times relevant to this lawsuit, was a resident of the St. Louis County in Missouri.

2. Defendant North County Police Cooperative is a governmental law enforcement agency in the State of Missouri.

3. Defendant Dellwood is a municipal entity in the state of Missouri.

4. Defendant Pine Lawn is a municipal entity in the state of Missouri.

5. Defendant Wellston is a municipal entity in the state of Missouri.

6. Defendant Vinita Park is a municipal entity in the state of Missouri.

2

7. Defendant Hanley Hills is a municipal entity in the state of Missouri.

8. Defendant Velda Village Hills is a municipal entity in the state of Missouri.

9. Defendant Beverly Hills is a municipal entity in the state of Missouri.

10. Defendant Uplands Park is a municipal entity in the state of Missouri.

11. Defendant Chief John Buchanan is and at all relevant times was the chief of the North County Police Cooperative. Defendant Buchanan is named in his individual capacity.

12. Defendant Marcellis Blackwell is a former employee of the North County Police Cooperative. Defendant Blackwell is named in his individual capacity.

13. Defendants are now and, at all times relevant to this lawsuit, were residents or governmental entities of the State of Missouri.

## JURISDICTION AND VENUE

14. This lawsuit is a civil action arising under the Constitution of the United States of America and Missouri law.

15. The causes of action for this lawsuit arose in the County of St. Louis in Missouri, which is in the territorial jurisdiction of the Federal District Court of the Eastern District of Missouri.

16. The Federal District Court of the Eastern District of Missouri has original jurisdiction over the claims arising under the United States Constitution pursuant to 28 U.S.C. § 1331.

17. The Federal District Court of the Eastern District of Missouri has supplemental jurisdiction over the claim arising under Missouri law pursuant to 28 U.S.C. § 1367.

18. Venue is appropriate in the Federal District Court of the Eastern District of Missouri pursuant to 28 U.S.C. § 1391.

## FACTS

3

19. In or around November 2022, Plaintiff was working a construction job in the City of Wellston, a municipality within St. Louis County, Missouri.

20. While working this job, Plaintiff Taylor was stopped and detained by Defendant Marcellis Blackwell of the North County Police Cooperative. The Plaintiff was searched for any weapons or illegal narcotics during this encounter and was not found to be in possession of anything illegal.

21. Plaintiff was subsequently arrested for an outstanding warrant.

22. While transporting Plaintiff Taylor to a booking station, Defendant Blackwell pulled into a secluded industrial area and forced Plaintiff out of the patrol vehicle while Plaintiff's hands were bound behind his back.

23. While outside of the vehicle, Defendant Blackwell lifted Plaintiff's shirt, placed his hand underneath Plaintiff's clothing and on Plaintiff's genitals, and moved his hand down and back along Plaintiff's genitals without Plaintiff's consent and without a legitimate government purpose.

24. After Defendant Blackwell sexually abused Plaintiff Taylor, the Defendant transported Plaintiff to a booking station.

25. During the entirety of the interaction between Defendant Blackwell and Plaintiff Taylor, Defendant acted under color of state law and used his authority as a police officer to violate Plaintiff's civil rights.

26. On information and belief, prior to sexually abusing Plaintiff, Defendant Blackwell had sexually abused other individuals while serving as a police officer.

27. Defendant Blackwell has been indicted in connection with the sexual abuse of 20 victims between November 5, 2022, and June 8, 2023.

28. Upon information and belief, Defendant Blackwell previously went by the name

4

Willis Overstreet.

29. On information and belief, prior to being hired to be a police officer by the North County Police Cooperative, Defendant Blackwell was previously involved in illegal and fraudulent business activity, including defrauding his employees, an insurance company, and members of the public.

30. On information and belief, the North County Police Cooperative failed to properly investigate Defendant Blackwell before hiring him to be a police officer or failed to deny Defendant Blackwell employment based on his history of committing fraud.

31. On information and belief, the North County Police Cooperative failed to supervise Defendant Blackwell after he became a police officer, allowing him to detain and sexually abuse individuals without ramifications until he had victimized at least 20 people.  On information and belief, the North County Police Cooperative's failure includes, but is not limited to, failing to investigate Defendant Blackwell, failing to assign another officer to work alongside Defendant, failing to review video and audio recordings, failing to ensure video and audio recordings were made of interactions between Defendant and detainees, failing to track Defendant's travel when Defendant was with detainees, and failing to otherwise review Defendant's interactions with detainees.

32. On information and belief, in or around November 2022, another police officer with the North County Police Cooperative physically abused a detainee and was permitted to remain employed without repercussion, despite other officers witnessing the activity.

33. On information and belief, the North County Police Cooperative failed to train officers to prevent their coworkers from abusing their authority and sexually abusing detainees.

34. Upon information and belief, the North County Police Cooperative failed to train employees to make appropriate hiring decisions so that individuals with histories of wrongdoing

5

would not be given policing authority.

35. On information and belief, the North County Police Cooperative failed to establish policies or procedures to ensure that staff checked on the wellbeing of detainees, reviewed situations in which detainees were left alone with one unsupervised officer, provided detainees with effective manners to report officer wrongdoing, or ensure that detainees were safe from being sexually assaulted and wrongfully detained.

36. On information and belief, the North County Police Cooperative established a pattern or practice by which officers could avoid ramifications for sexually assaulting and abusing detainees.

37. At all times relevant to this case, Defendant Chief John Buchanan was in charge of the operations of the North County Police Cooperative, including being responsible for the hiring of police officers generally, the hiring of Defendant Blackwell, the supervision of officers, the supervision of Defendant Blackwell, the setting of policies and procedures for the North County Police Cooperative, and the establishment of the Cooperative's practices and customs.

38. On information and belief, despite his knowledge that North County Police Cooperative police officers were abusing their authority and causing harm to Missourians, Defendant Chief Buchanan did not immediately remove those officers from their positions.

39. Defendants Dellwood, Pine Lawn, Wellston, Vinita Park, Hanley Hills, Velda Village Hills, Beverly Hills, and Uplands Park are the municipal entities that manage the North County Police Cooperative and are responsible for hiring Cooperative employees, supervising the Cooperative and its employees, setting policies and procedures for the Cooperative, and establishing the Cooperative's practices and customs.

40. Defendants acted under color of state law.

41. Defendants violated Plaintiff's civil rights.

42. As a result of Defendants' actions and inactions, Plaintiff suffered physical harm.

43. As a result of Defendants' actions and inactions, Plaintiff suffered severe emotional distress.

### COUNT I: VIOLATION OF PLAINTIFF'S SUBSTANTIVE DUE PROCESS RIGHT TO BE FREE FROM SEXUAL ASSAULT UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

44. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

45. Count I applies to Defendant Blackwell.

46. While detaining Plaintiff, Defendant Blackwell forcibly touched Plaintiff's genitals without consent and without a valid purpose.

47. Defendant was directly responsible for the harm caused to Plaintiff.

48. Defendant acted under color of state law.

49. Defendant violated Plaintiff's substantive due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.

50. Defendant acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

51. Defendant's actions caused Plaintiff physical harm.

52. Defendant's actions caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT II: VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM ILLEGAL DETENTION UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

53. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

54. Count II applies to Defendant Blackwell.

55. Defendant Blackwell detained Plaintiff to transport Plaintiff to a booking station.

56. During the trip to the booking station, Defendant Blackwell diverted from the path to the booking station to instead transport Plaintiff to a secluded area.

57. Once he reached the secluded area, Defendant Blackwell sexually abused Plaintiff.

58. Defendant Blackwell had no valid purpose to take Plaintiff to the secluded area.

59. Defendant Blackwell had no valid purpose to detain Plaintiff on the way to the secluded area and in the secluded area.

60. Defendant was directly responsible for the harm caused to Plaintiff.

61. Defendant Blackwell acted under color of state law.

62. Defendant Blackwell violated Plaintiff's right to be free from illegal detention under the Fourth and Fourteenth Amendments to the United States Constitution.

63. Defendant violated Plaintiff's substantive due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.

64. Defendant acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

65. Defendant's actions caused Plaintiff physical harm.

66. Defendant's actions caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting

similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

### COUNT III: FAILURE TO SUPERVISE STAFF TO ENSURE THE SAFETY OF PLAINTIFF AND OTHER DETAINEES UNDER 42 U.S.C. § 1983

67. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

68. Count III applies to Defendants North County Police Cooperative, Dellwood, Pine Lawn, Wellston, Vinita Park, Hanley Hills, Velda Village Hills, Beverly Hills, Uplands Park, and Chief John Buchanan.

69. Defendants held supervisory responsibilities with respect to the North County Police Cooperative and the individuals hired to be police officers.

70. Defendants failed to properly supervise staff, including Defendant, to ensure that detainees would not be sexually abused or otherwise harmed by police officers.

71. Defendants failed to make a proper hiring decision regarding Defendant Blackwell based on Blackwell's history of fraudulent activity, failed to assign another officer to monitor Blackwell, failed to review video and audio recordings, failed to ensure Blackwell's interactions with detainees were recorded, failed to track Blackwell's travel while he was with detainees, and failed to otherwise review Blackwell's interactions with detainees, including Blackwell's interactions with Plaintiff.

72. Defendants acted under color of state law.

73. Defendants failed to use their authority to properly supervise staff, including Defendant Blackwell.

74. Defendants created an environment where police officers could abuse detainees without fear of repercussions.

9

75. Defendants' failure to supervise caused the violation of Plaintiff's civil rights.

76. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

77. Defendants caused Plaintiff physical harm.

78. Defendants caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

### COUNT IV: FAILURE TO TRAIN STAFF TO ENSURE THE SAFETY OF PLAINTIFF AND OTHER DETAINEES UNDER 42 U.S.C. § 1983

79. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

80. Count IV applies to Defendants North County Police Cooperative, Dellwood, Pine Lawn, Wellston, Vinita Park, Hanley Hills, Velda Village Hills, Beverly Hills, Uplands Park, and Chief John Buchanan.

81. Defendants held training responsibilities with respect to the North County Police Cooperative and the individuals hired to be police officers.

82. Defendants failed to properly train staff to ensure that detainees would not be sexually abused or otherwise harmed by police officers.

83. Defendants failed to properly inform staff how to identify and report abusive conduct by other staff members, failed to direct staff to monitor new staff members, and failed to train staff to accept, investigate, verify, and act upon complaints regarding police officers' abusive conduct.

84. Defendants acted under color of state law.

85. Defendants failed to use their authority to properly train staff.

86. Defendants' failure to train staff members caused the violation of Plaintiff's civil rights.

87. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

88. Defendants caused Plaintiff physical harm.

89. Defendants caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

### COUNT V: FAILURE TO ESTABLISH POLICIES OR OFFICIAL CUSTOMS TO ENSURE THE SAFETY OF PLAINTIFF AND OTHER DETAINEES UNDER 42 U.S.C. § 1983

90. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

91. Count V applies to Defendants North County Police Cooperative, Dellwood, Pine Lawn, Wellston, Vinita Park, Hanley Hills, Velda Village Hills, Beverly Hills, Uplands Park, and Chief John Buchanan.

92. Defendants held policymaking responsibilities with respect to the North County Police Cooperative and the individuals hired to be police officers.

93. Defendants failed to establish policies or official customs to ensure that detainees would not be sexually abused or otherwise harmed by police officers.

94. Defendants failed to establish policies or official customs to ensure the North

11

County Police Cooperative made proper hiring decisions, assigned police officers to monitor each other, required and reviewed video and audio recordings of interactions between officers and detainees, tracked travel of officers while with detainees, informed staff how to identify and report abusive conduct by other staff members, and trained staff to accept, investigate, verify, and act upon complaints regarding police officers' abusive conduct.

95. Defendants acted under color of state law.

96. Defendants failed to use their authority to establish proper policies and official customs to prevent the abuse of detainees by police officers.

97. Defendants' failure to establish proper policies and official customs caused the violation of Plaintiff's civil rights.

98. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

99. Defendants caused Plaintiff physical harm.

100. Defendants caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

**COUNT VI: ESTABLISHMENT OF A PATTERN OR PRACTICE WHEREBY DETAINEES ARE NOT PROTECTED FROM HARM UNDER 42 U.S.C. § 1983**

101. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

102. Count VI applies to Defendants North County Police Cooperative, Dellwood, Pine Lawn, Wellston, Vinita Park, Hanley Hills, Velda Village Hills, Beverly Hills, Uplands Park, and

12

Chief John Buchanan.

103. Defendants held supervisory, training, policymaking, and other management responsibilities with respect to the North County Police Cooperative and the individuals hired to be police officers.

104. Defendants failed to discipline officers who abused detainees.

105. Defendants created an environment whereby police officers could abuse detainees without ramification.

106. Defendants established a pattern or practice whereby detainees would be subjected to abuse by police officers.

107. Defendants acted under color of state law.

108. Defendants' establishment of a pattern or practice whereby detainees would be subjected to abuse caused the violation of Plaintiff's civil rights.

109. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

110. Defendants caused Plaintiff physical harm.

111. Defendants caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

**COUNT VII: FALSE IMPRISONMENT UNDER MISSOURI STATE LAW**

112. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

113. Count VII applies to Defendant Marcellis Blackwell.

114. Defendant transported Plaintiff to a secluded area and held Plaintiff at the secluded area without a proper governmental purpose in order to sexually abuse Plaintiff.

115. Defendant knew that he was illegally detaining Plaintiff when he transported and kept Plaintiff in the secluded area.

116. Defendant intended to illegally detain Plaintiff.

117. Plaintiff was aware of his confinement.

118. Defendant confined Plaintiff against Plaintiff's will.

119. Defendant's conduct was outrageous because of his evil motive or reckless indifference to the rights of others.

120. In addition to wrongfully depriving Plaintiff of his freedom, Defendant caused Plaintiff physical harm.

121. Defendant also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT VIII: BATTERY UNDER MISSOURI STATE LAW

122. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

123. Count VIII applies to Defendant Marcellis Blackwell.

124. Defendant transported Plaintiff to a secluded area to sexually abuse Plaintiff.

125. Defendant intentionally touched and fondled Plaintiff's genitals without Plaintiff's consent.

14

126. Defendant had no valid governmental purpose to touch and fondle Plaintiff's genitals.

127. Defendant's touching and fondling of Plaintiff's genitals is a contact that would be offensive to a reasonable person.

128. Defendant's conduct was outrageous because of his evil motive or reckless indifference to the rights of others.

129. Defendant caused Plaintiff physical harm.

130. Defendant also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT IX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER MISSOURI STATE LAW

131. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

132. Count IX applies to Defendant Marcellis Blackwell.

133. Defendant transported Plaintiff to a secluded area and held Plaintiff at the secluded area without a proper governmental purpose in order to sexually abuse Plaintiff, and Defendant did sexually abuse Plaintiff.

134. Defendant's conduct was extreme and outrageous.

135. Defendant caused Plaintiff physical harm.

136. Defendant also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and

reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

                Respectfully submitted,

                **NIEMEYER, GREBEL & KRUSE, LLC**

By:   */s/ Patrick A. Hamacher*
       Patrick A. Hamacher   #63855MO
       Mark R. Niemeyer      #42437MO
       David L. Grebel          #52683MO
       Michael S. Kruse        #57818MO
       211 N. Broadway, Suite 2950
       St. Louis, MO  63102
       314-241-1919 phone
       314-665-3017 fax
       hamacher@ngklawfirm.com
       niemeyer@ngklawfirm.com
       grebel@ngklawfirm.com
       kruse@ngklawfirm.com

       *Attorneys for Plaintiff*