UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEMARIO TAYLOR,<br><br>   Plaintiff,<br><br>v.<br><br>NORTH COUNTY POLICE COOPERATIVE, *et al.*,<br><br>   Defendants. | Cause No. 4:24-CV-00274 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff DeMario Taylor, by and through his undersigned counsel, responds in opposition to Defendants Vinita Park and John Buchanan's Motion to Dismiss (Doc. 22), and states as follows:

**INTRODUCTION**

Defendants violated Plaintiff's constitutional rights. Plaintiff is one of several victims of a serial sexual abuser who was employed as a police officer with the North County Police Cooperative, an entity established by Defendant Vinita Park and managed by Defendants Vinita Park and Chief John Buchanan. Because of the many failures of Defendants to perform their basic supervisory and managerial responsibilities, Officer Marcellis Blackwell illegally took detainees, including Plaintiff, to isolated areas and sexually abused them. Defendants created an environment where officers could violate Missourians' constitutional rights without consequence, and Defendants cannot now escape liability for their unconstitutional conduct. Plaintiff asserted sufficient facts to state claims against Defendants, and Defendants' Motion to Dismiss should be denied.

1

**LEGAL STANDARD**

The Complaint is construed in the "light most favorable to the nonmoving party" when determining whether the Motion to Dismiss should be granted or denied. *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 715-16 (8th Cir. 2011). The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). The Complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562. This standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id*. at 556. To survive a 12(b)(6) motion to dismiss, Plaintiff must plead factual allegations that "raise a right to relief above the speculative level." *Id.* "A well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" *Id.* at 556 (internal citation omitted).

**DISCUSSION**

**I. Plaintiff agrees that the North County Police Cooperative can be dismissed without prejudice.**

At this time, Plaintiff agrees with Defendants that Defendant North County Police Cooperative can be dismissed from this case without prejudice. If discovery demonstrates that the North County Police Cooperative is governed differently than asserted by Defendants and is not simply a renaming of Vinita Park's police department, Plaintiff reserves the right to reassert claims against Defendant North County Police Cooperative.

## II. Plaintiff agrees that Counts I, II, VII, VIII, and IX apply to Defendant Blackwell.

Plaintiff agrees with Defendants that Counts I, II, VII, VIII, and IX apply to Defendant Blackwell and do not assert claims against Defendants Vinita Park and Buchanan.

## III. Plaintiff properly asserted claims against Defendants in Counts III, IV, V, and VI.

Plaintiff properly asserted claims against Defendants Vinita Park and Buchanan in Counts III, IV, V, and VI. Defendants assert only that Plaintiff has failed to include sufficient factual material to state claims against Defendants. A review of the Complaint in the light most favorable to Plaintiff – as required at this stage of the pleadings – demonstrates that the claims against the individual Defendants are well-pled and should not be dismissed. Plaintiff clearly pled that the individual Defendants were directly and personally involved in depriving Plaintiff of his rights. Plaintiff pled that:

- Prior to being hired by Defendants, Officer Blackwell used a different name and defrauded individuals and businesses. (Doc. 1, ¶¶ 28-29).

- Defendants failed to properly investigate Officer Blackwell before hiring him or, if Defendants knew of Officer Blackwell's previous fraudulent activity, Defendants failed to deny him employment as a law enforcement officer. *Id.* at ¶ 30.

- Defendants failed to supervise Officer Blackwell, allowing Blackwell to sexually abuse at least 20 people. *Id.* at ¶ 31.

- Defendants failed to investigate Officer Blackwell, failed to assign another officer to work with him, failed to review video and audio recordings, failed to ensure recordings were made of Blackwell's interactions with detainees, failed to track Blackwell's travel while he was on the job, and failed to otherwise review Blackwell's interactions with

3

detainees. *Id.*

- Defendants failed to train staff to supervise other officers, including Officer Blackwell, and failed to train employees to make appropriate hiring decisions so that individuals like Officer Blackwell with histories of wrongdoing would not be given policing authority. *Id.* at ¶¶ 33-34.

- Defendants failed to establish policies or procedures to ensure the safety of detainees, including in instances when detainees were left alone with one officer and Defendants did not require any additional supervision or review of those situations. *Id.* at ¶ 35.

- Defendants are both alleged to be directly responsible for these failures. *Id.* at ¶¶ 37-39.

- Furthermore, Defendants allowed another police officer to abuse a detainee without ramification in November 2022. *Id.* at ¶ 32.

Plaintiff's Complaint clearly alleges that Defendants' many failures directly led to the constitutional deprivations involved in this case. Defendants should have investigated Officer Blackwell's background or trained others to do so before hiring him as a police officer, but they did not. Defendants should have supervised Officer Blackwell while he was on the job, especially given the many times he isolated himself with detainees so he could use his authority to sexually abuse his victims, but Defendants did not. Defendants should have trained their officers to investigate the predatory behavior openly exhibited by Officer Blackwell, but they did not. Defendants failed to establish customs and policies to ensure intervention in the very kind of serial abuse schemes plotted by Officer Blackwell, but Defendants did not. Plaintiff alleged that Defendants established a pattern or practice by which detainees were abused, and not only by Officer Blackwell, on numerous occasions.

In *S.M. v. Lincoln County*, the plaintiffs asserted similar claims after a lieutenant in the

4

Lincoln County Sheriff's Department sexually abused multiple Adult Drug Court participants in Missouri's 45th Judicial Circuit. 874 F.3d 581, 583 (8th Cir. 2017). Despite the defendants' attempts to categorize the abuse as an "isolated incident" because only one law enforcement officer was involved, the Court rejected that theory and found that a reasonable jury could conclude that the county defendant's "inadequate supervision was the moving force that enabled [the officer] to sexually assault the plaintiffs." *Id.* at 589. The allegations in that case made it well past the motion to dismiss stage and through trial. *Id.*

Likewise, the allegations in this case indicate that the "need for more or different training [or supervision] is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonable be said to have been deliberately indifferent to the need." *Id.* at 585 (citing *Canton v. Harris*, 489 U.S. 378, 390 (1989)) (bracketed text in original); *see also Betts v. Jackson County, Missouri*, No. 4:21-CV-00023-DGK, 2022 WL 60560, *7-9 (W.D. Mo. Mar. 1, 2022) (denying motion to dismiss on failure to train and failure to supervise claims). The facts alleged by Plaintiff are beyond sufficient to state claims against Defendants, and Defendants' fact-based arguments are better fitted for summary judgment or for trial, especially given the greater access to information Defendants have in this case *See, e.g., Parish v. Luckie*, 963 F.2d 201, 205 (8th Cir. 1992); *Harris v. City of Pagedale*, 821 F.2d 499, 505-06 (8th Cir. 1987). Reviewing the pleadings in the light most favorable to Plaintiff, it is clear that Plaintiff asserted that Defendants failed to do their jobs to ensure Plaintiff's safety when the circumstances called for basic supervisory and training functions so that someone like Officer Blackwell could not sexually abuse at least 20 detainees. Unfortunately, even before Officer Blackwell's horrifying serial abuses, there have been far too many similar cases of sexual abuse in the exact same detention setting, and the officials with the authority to prevent these abuses

cannot be permitted to perpetuate unconstitutional systems that lead to easily foreseeable violations of civil liberties. The Court should deny Defendants' Motion to Dismiss.

## CONCLUSION

Plaintiff has asserted sufficient facts to demonstrate that Defendants violated his civil rights by failing to fulfill their supervisory duties, failing to train subordinates, and establishing a pattern or practice by which detainees were subjected to physical abuse by law enforcement officers. Wherefore, Plaintiff requests this Court deny Defendants' Motion to Dismiss.

Respectfully submitted,

**NIEMEYER, GREBEL & KRUSE, LLC**

By: */s/ Patrick A. Hamacher*
Patrick A. Hamacher  #63855
211 N. Broadway
 Suite 2950
St. Louis, MO  63102
314-241-1919 phone
hamacher@ngklawfirm.com

*Attorneys for Plaintiff*

6

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 12th day of April 2024, the foregoing was filed electronically with the Clerk of the Court to be served upon all parties by operation of the Court's electronic filing system.

              */s/ Patrick A. Hamacher*