# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| DEMARIO TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-274 HEA |
| | ) | |
| NORTH COUNTY POLICE | ) | |
| COOPERATIVE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants City of Vinita Park ("Vinita Park") and John Buchanan's Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for a more definite statement as to Counts III, IV, V, and VI pursuant to Rule 12(e). (ECF No. 21). Plaintiff Demario Taylor opposes the motion and has not moved to amend his Complaint. The motion is fully briefed and ripe for review. For the reasons set forth, the Court grants Defendants' Motion to Dismiss, and denies as moot Defendants' alternative Motion for More Definite Statement.

## I. Background

This case arises out of an arrest that took place in November 2022. Plaintiff alleges that he was stopped and searched by Defendant Marcellis Blackwell, a police officer in the North County Police Cooperative ("NCPC"). Plaintiff further alleges

that following the search, he was arrested on an outstanding warrant, and while being transported to the booking station, Defendant Blackwell made a stop in a secluded industrial area and sexually abused him.

Plaintiff filed suit against the City of Dellwood, City of Pine Lawn, City of Wellston, Vinita Park, Village of Hanley Hills, City of Velda Village Hills, City of Beverly Hills, and Village of Uplands Park (together referred to as the "Municipal Defendants"); NCPC; John Buchanan, Chief of NCPC; and Marcellis Blackwell.[1] Defendants Buchanan and Blackwell are sued in their individual capacities.

In his Complaint, Plaintiff brings four claims against the Municipal Defendants, NCPC, and Chief Buchanan pursuant to 42 U.S.C. § 1983 for alleged violations of Plaintiff's rights under the United States Constitution. (Count III-VI). Plaintiff alleges that the Municipal Defendants, NCPC, and Chief Buchanan failed to supervise and train staff and to establish policies or official customs to ensure the safety of Plaintiff and detainees.  He also alleges these defendants established a pattern or practice whereby detainees were not protected from harm. Plaintiff brings the following two constitutional claims against Defendant Blackwell: violation of substantive due process right to be free from sexual assault under the Fifth and

---

[1]Plaintiff has since voluntarily dismissed Defendants City of Pine Lawn, City of Wellston, Village of Hanley Hills, and City of Velda Village Hills,

Fourteen Amendments (Count I); and violation of right to be free from illegal detention under the Fourth and Fourteenth Amendments (Count II). Plaintiff also brings the following three common law claims against Defendant Blackwell: false imprisonment (Count VII); battery (Count VIII); and intentional infliction of emotional distress (Count IX).

In their Motion to Dismiss, Vinita Park and Chief Buchanan argue that NCPC is a police department and not a proper defendant for claims under § 1983.[2]  Vinita Park and Chief Buchanan also argue that to the extent there is any ambiguity, Plaintiff has failed to state claims against them in Counts I, II, VII, VIII, and IX. Finally, as to Counts III-VI, Vinita Park and Chief Buchanan argue Plaintiff has failed to state a claim against them for supervisory liability or liability under *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978), because Plaintiff's allegations are conclusory and lack sufficient factual specificity.

In his Response, Plaintiff consents to the dismissal of NCPC but asks that the dismissal be without prejudice, in the event discovery demonstrates NCPC is governed by a different entity. The Court grants Plaintiff's request. As for Counts I, II, VII, VIII, and IX, Plaintiff confirms these claims are directed at Defendant

---

[2]In his Complaint, Plaintiff alleges that the City of Dellwood, City of Pine Lawn, City of Wellston, Vinita Park, Village of Hanley Hills, City of Velda Village Hills, City of Beverly Hills, and Village of Uplands Park are the municipal entities that manage the NCPC.  (ECF No. 1 at 6, ¶ 39).

Blackwell only.   Finally, Plaintiff contends that he has sufficiently alleged facts to state claims against Vinita Park and Chief Buchanan in Counts III-VI.

## II.    *Legal Standard*

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted).   The facts alleged must "raise a right to relief above the speculative level."   *Twombly*, 550 U.S. at 555.   A complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to state a plausible claim for relief.   *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *Twombly*, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.   *Id.* at 555–56; Fed. R. Civ. P. 8 (a)(2). The principle that a court must accept as true all of the allegations

4

contained in a complaint is inapplicable to legal conclusions, however. *Iqbal*, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").   Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. *Id.*

### III.   Factual Allegations

Plaintiff alleges that while serving as a police officer, Defendant Blackwell sexually assaulted him as well as a number of other individuals.   He seeks to hold Vinita Park and Chief Buchanan liable for failing to protect him from Defendant Blackwell's sexual abuse.

More specifically, Plaintiff alleges that sometime in November 2022, while working on a construction job in the City of Wellston, Plaintiff was stopped and searched by Defendant Blackwell, who was working as a NCPC police officer. Plaintiff alleges that following the search, he was arrested on an outstanding warrant, and while being transported to the booking station, Defendant Blackwell made a stop in a secluded industrial area. Plaintiff avers that he was forced out of the car, and while he was handcuffed, Defendant Blackwell lifted Plaintiff's shirt, placed his hand underneath Plaintiff's clothing, and touched his genitals without his consent.

Plaintiff alleges that while he was a police officer, Defendant Blackwell sexually abused at least 20 individuals, and he has been criminally charged based on this conduct. The Court takes judicial notice that on September 27, 2023, Defendant Blackwell was indicted in this District on 16 counts of Deprivation of Rights under Color of Law and 5 counts of Falsification of Records. *United States v. Blackwell*, No. 4:23-CR-00505-AGF-PLC. The indictment was superseded on January 31, 2024, to bring 21 additional counts. The case is still pending as of the date of this Opinion, Memorandum and Order.

Plaintiff alleges that prior to him being hired as a police officer by the NCPC, Defendant Blackwell was "previously involved in illegal and fraudulent business activity, including defrauding his employees, an insurance company, and members of the public."  (ECF No. 1 at 5, ¶ 29).  Plaintiff also alleges that Defendant Blackwell went by the name Willis Overstreet. Plaintiff avers that NCPC failed to investigate Defendant Blackwell properly before hiring him to be a police officer or, alternatively, failed to deny Defendant Blackwell employment based on his history of committing fraud.

Plaintiff also avers that NCPD failed to supervise Defendant Blackwell after he became a police officer. More specifically, Plaintiff alleges that NCPD failed to do the following: assign another officer to work with Defendant Blackwell; ensure

video and audio recordings were made of interactions between Defendant Blackwell and detainees; track Defendant Blackwell's travel when he was with detainees, and review Defendant Blackwell's interactions with detainees.

Plaintiff further alleges that NCPC failed to train officers to prevent their coworkers from sexually abusing detainees, and that it failed to train employees to make appropriate hiring decisions. Plaintiff also alleges that NCPC failed to establish policies or procedures to ensure that staff checked on the well-being of detainees, reviewed situations in which detainees were left alone with one unsupervised officer, provided detainees with effective manners to report officer wrongdoing, or ensure that detainees were safe from being sexually assaulted and wrongfully detained.

Plaintiff also alleges that sometime in November 2022, another police officer physically abused a detainee, and he was permitted to remain employed without repercussions. Plaintiff alleges there was a pattern and practice at NCPC by which officers could avoid ramifications for sexually assaulting and abusing detainees.

### IV.  Discussion

### A. Supervisory Liability

In order to state a claim under 42 U.S.C. § 1983, a plaintiff is required to plead direct, personal involvement in constitutional misconduct: "Because vicarious

7

liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 677. Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).  Because liability for damages under § 1983 is personal, "each defendant's conduct must be independently assessed. Section 1983 does not sanction tort by association." *Smith v. City of Minneapolis*, 754 F.3d 541, 547–48 (8th Cir. 2014) (citing *Heartland Acad. Cmty. Church v. Waddle*, 595 F.3d 798, 805–06 (8th Cir. 2010) (citation and internal quotation marks omitted)); *see also S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015).

With regard to supervisors, the Eighth Circuit has stated:

a supervisor may [ ] be liable under § 1983 if either his direct action or his failure to properly supervise and train the offending employee caused the constitutional violation at issue. Even if a supervisor is not involved in day-to-day operations, his personal involvement may be found if he is involved in creating, applying, or interpreting a policy that gives rise to unconstitutional conditions.

*Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (cleaned up).  A supervisor is liable if he or she "(1) had 'notice of a pattern of unconstitutional acts committed by subordinates'; (2) [was] deliberately indifferent to or tacitly authorized those acts; and (3) failed to take 'sufficient remedial action'; (4) proximately causing injury to

[plaintiff]." *Livers v. Schenck*, 700 F.3d 340, 355 (8th Cir. 2012) (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996)). *See also Jane Doe A by & through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990). "In order to show deliberate indifference or tacit authorization, [a plaintiff] must allege and ultimately prove [the defendant] 'had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation.'" *Id.*

Here, Plaintiff does not allege that Chief Buchanan was directly or personally involved in unconstitutional conduct, rather Plaintiff seeks to hold him liable as a supervisor.   Therefore, to state a claim, Plaintiff must sufficiently allege that Chief Buchanan had notice of a pattern of unconstitutional acts committed by his subordinates.   "Allegations of generalized notice are insufficient." *S.M.*, 808 F.3d at 340. "To impose supervisory liability, other misconduct must be very similar to the conduct giving rise to liability." *Id.* (citation omitted). In other words, Plaintiff must allege facts from which one could infer Chief Buchanan had notice that Defendant Blackwell or other subordinates were sexually abusing arrestees and/or detainees.   The Court has carefully revied the Complaint and finds Plaintiff has not adequately alleged this required element.

Plaintiff does allege that prior to sexually abusing Plaintiff, Defendant Blackwell sexually abused other individuals while serving as a police officer. He points to the fact that Defendant Blackwell was indicted in connection with the sexual abuse of 20 victims between November 5, 2022, and June 8, 2023.   The sexual abuse of twenty victims certainly amounts to a pattern of egregious conduct, but Plaintiff alleges that he was sexually abused "in or around" November 2022, at the beginning of the pattern of abuse. (ECF No. 1 at 4, ¶ 19). And Defendant Blackwell was not indicted until September 2023.   In short, there are no allegations that Chief Buchanan knew of this pattern and failed to take remedial action *prior* to the alleged assault on Plaintiff.

Plaintiff also alleges that "in or around November 2022," another NCPC police officer physically abused a detainee and was permitted to remain employed without repercussion, despite other officers witnessing the activity. (ECF No. 1 at 5, ¶ 32).   Even accepting these facts as true, they do not establish Chief Buchanan was on notice that that Defendant Blackwell or other subordinates were sexually abusing arrestees and/or detainees. Physically abusing a detainee in front of other officers is not substantially similar to taking an arrestee to a secluded area and sexually abusing him. *S.M.*, 808 F.3d at 340. And while Plaintiff alleges that other officers witnessed the abuse by the other officer, he does not allege that Defendant Buchanan knew

about the abuse. Finally, Plaintiff does not allege that the physical abuse took place before his own arrest and the alleged sexual abuse in this case. There are insufficient factual allegations that Chief Buchanan was on notice that Defendant Blackwell or other officers sexually abused detainees.

Plaintiff also alleges that Chief Buchanan and NCPC did not do a proper investigation before hiring Defendant Blackwell or, alternatively, that they knew of Defendant Blackwell's prior fraudulent activity and despite this, hired him as an officer.   To the extent Plaintiff argues that NCPC officials, including Chief Buchanan, were on notice of Defendant Blackwell's propensity to commit constitutional violations, or that they would have been on notice had they done a proper investigation, Plaintiff's argument is without merit.

The Complaint alleges that prior to being hired, Defendant Blackwell went by a different name and was involved in "illegal and fraudulent business activity, including defrauding his employees, an insurance company, and members of the public." (ECF No. 1 at 5, ¶ 29). There are no allegations that Defendant Blackwell was charged or convicted of any crimes related to these alleged business activities and, therefore, there are insufficient factual allegations from which one could infer that the fraudulent conduct would have been revealed had a proper investigation been conducted.   But more importantly, Plaintiff does not allege, and there is

nothing that would indicate that these illegal and fraudulent business activities were related to sexual abuse. *Livers*, 700 F.3d at 356 ("other misconduct must be very similar to the conduct giving rise to liability").

In sum, the Court finds Plaintiff fails to state a claim against Chief Buchanan. The Complaint is devoid of allegations that Chief Buchanan had knowledge of sexual misconduct by Defendant Blackwell or any other officer, and there are no factual allegations "from which such knowledge could be inferred." *Mick v. Raines*, 883 F.3d 1075, 1078 (8th Cir. 2018). The Court grants Chief Buchanan's Motion to Dismiss as to Counts III-VI.

### B. Municipality Liability

The Court now turns to whether Plaintiff has alleged sufficient facts to hold Vinita Park liable for Defendant Blackwell's misconduct. The doctrine of *respondeat superior* does not apply to § 1983 claims, and to hold a municipality liable, it is not enough that Defendant Blackwell was an employee of NCPC and/or one of the municipalities in NCPC. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1207 (8th Cir. 2013). For § 1983 liability to attach to a governmental entity, a plaintiff must show that a constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Indep., MO.*, 829 F.3d 695, 699 (8th Cir. 2016)

(*citing City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) and *Monell*, 436 U.S. at 691)).  Furthermore, to state a valid claim under § 1983, there must be a causal connection between the governmental policy or custom, or its failure to train or supervise, and the alleged constitutional deprivation.  *Id.*  Vinita Park moves to dismiss all § 1983 claims against it on the grounds that Plaintiff failed to adequately allege his rights were violated based on an official policy, a custom or practice, and/or a failure to train or supervise.

Plaintiff does not allege that there was an official policy that was causally connected to his alleged sexual abuse, but rather he alleges that NCPC failed to supervise and train staff and/or to implement policies to prevent the sexual abuse he endured.   To state a claim against Vinta Park based on the theory of failure to train, Plaintiff is required to plead facts sufficient to show that "(1) [Vinta Park]'s officer-training practices were inadequate; (2) [Vinta Park] was deliberately indifferent to the rights of others in adopting these training practices, and [Vinita Parks]'s failure to train was a result of deliberate and conscious choices it made; and (3) [Vinita Parks]'s alleged training deficiencies caused [Plaintiff]'s constitutional deprivation."  *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013); *see also City of Canton, Ohio*, 489 U.S. at 389; *Watkins*, 102 F.4th at 954. Ultimately, Plaintiff must prove Vinta Park "had notice that the training procedures and

13

supervision were inadequate and likely to result in a constitutional violation." *Brewington*, 902 F.3d at 803 (quoting *Livers*, 700 F.3d at 356). A governmental entity's culpability for a deprivation of rights "is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 58 (2011) (citation omitted).

Plaintiff alleges NCPC failed to train officers to prevent their coworkers from sexually abusing detainees, and it failed to train employees to make appropriate hiring decisions "so that individuals with histories of wrongdoing would not be given policing authority." (ECF No. 1 at 5-6, ¶¶ 33-34). First, even accepting as true that Defendant Blackwell sexually abused Plaintiff, there are no allegations that policymaking officials knew or reasonably should have known Defendant Blackwell was sexually abusing detainees. As discussed above, Plaintiff alleges that Defendant Blackwell sexually abused a number of individual while he was a police officer, and that another unidentified officer physically abused a detainee, but he does not sufficiently allege that this abuse took place before the events at issue in this case. Furthermore, there are no allegations that policymaking officials knew or reasonably should have known of this abuse. In short, there are no factual allegations from which one can infer that the need for more or different training to prevent constitutional violations was obvious and that officials were indifferent to it. *Parrish*

14

*v. Ball*, 594 F.3d 993, 999 (8th Cir. 2010) (we do not believe that there is a patently obvious need to train an officer not to [commit] sexual[ ] assault [ ], especially where there is no notice at all that such behavior is likely). Moreover, there is no indication that the alleged training deficiencies – failure to train officers to prevent their coworkers from sexually abusing detainees and failure to train employees to make appropriate hiring decisions – would have prevented Defendant Blackwell from sexually abusing Plaintiff.   Plaintiff alleges he was sexually abused in a secluded, isolated industrial area with no other officers present.   And as discussed above, Plaintiff does not allege that Defendant Blackwell's prior illegal and fraudulent business activities were related to sexual abuse.

As for Plaintiff's claim that NCPC failed to adequately supervise Defendant Blackwell, the same analysis applies.   Plaintiff alleges that NCPC "failed to assign another officer to monitor Blackwell, failed to review video and audio recordings, failed to ensure Blackwell's interactions with detainees were recorded, failed to track Blackwell's travel while he was with detainees, and failed to otherwise review Blackwell's interactions with detainees, including Blackwell's interactions with Plaintiff."   (ECF No. 1 at 9, ¶ 71).   But Plaintiff does not sufficiently allege that officials were aware that he or any other officer had sexually abused individuals or that Defendant Blackwell was likely to do so.   *Parrish*, 594 F.3d at 999 (noting no

deputies had ever engaged in sexually impermissible or suggestive conduct, and there was nothing in the offending officer's record that suggested "he had a proclivity to engage in sexually prurient behavior."). The Court has found no controlling case law that requires this heightened level of supervision for police officers without a record of prior misconduct.

In opposing Defendants' Motion to Dismiss, Plaintiff relies on *S.M. v. Lincoln County*, 874 F.3d 581 (8th Cir. 2017), a case where the Eighth Circuit Court of Appeals upheld a jury verdict against a governmental entity for its failure to supervise an employee who had sexually abused drug court participants. This case is not dispositive and is distinguishable from the case at bar. First, the case was an appeal of a jury verdict, and the Court of Appeals did not address the sufficiency of the pleadings. Second, while the Eighth Circuit did find that there was sufficient evidence to support the jury's finding that the county sheriff failed to adequately supervise a "tracker," who had sexually abused drug court participants, this finding was based on an arguably erroneous jury instruction that was submitted to the jury without objection. *Id.* at 588 (noting the instruction "arguably did not give the jury an accurate sense of how rigorously the standard must be applied to ensure that the municipality is not held liable solely for the actions of its employee.") (quotation and citation omitted). Finally, the Eighth Circuit noted that the tracker's "extensive

authority and responsibilities to monitor drug court participants provided an ideal environment for an officer to coerce sexually vulnerable females into unwanted sexual contact," and that the tracker's prior conduct, which was known to other officers and drug court team members, made obvious that his supervision was inadequate. *Id.* at 589. Here, there are no allegations that there was an obvious need for more supervision or that Defendant Blackwell had engaged in conduct that would put officials on notice that he was engaged in constitutional misconduct. The Court finds the allegations in the Complaint are insufficient to state a claim for failure to supervise.

In sum, the Complaint is devoid of any facts which, if proven, would establish § 1983 liability against Vinita Park under *Monell*.  There are no alleged facts that plausibly suggest "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by [Vinta Park]'s employees; (2) deliberate indifference to or tacit authorization of such conduct by [Vinta Park]'s policymaking officials after notice to the officials of that misconduct; and (3) an injury by acts pursuant to [Vinta Park]'s custom." *Watkins*, 102 F.4th at 954 (cleaned up) (citing *Mitchell v. Kirchmeier*, 28 F.4th 888, 899–900 (8th Cir. 2022)). The Complaint fails to allege sufficient facts to state a claim against Vinita Park under § 1983.  The Court grants Vinita Park's Motion to Dismiss as to Counts III-VI.

17

Accordingly,

**IT IS HEREBY ORDERED** that Defendants John Buchanan and City of Vinita Park's Motion to Dismiss for Failure to State a Claim is **GRANTED.** [ECF No. 21]. Defendants' alternative motion for more definitive statement is **DENIED as moot.**

**IT IS FURTHER ORDERED** that with the Plaintiff's consent, Plaintiff's claims against Defendant North County Police Cooperative are **DISMISSED without prejudice.**

Dated this 21st day of October, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

18