UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEMARIO TAYLOR, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 4:24-cv-00274 |
| ) | |
| NORTH COUNTY POLICE COOPERATIVE, ) | |
| et al., ) | |
|     Defendants. ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

    This Court's "Opinion, Memorandum and Order" applies every bit as well – if not even more strongly – to the allegations against Uplands Park, Missouri, as it does to the allegations against Vinita Park, Missouri. There is no *respondeat superior* liability for 42 U.S.C. § 1983 claims. Rather, there must be an official policy, a custom, or deliberate indifference to inadequate training or supervision – which must have been the "moving force" behind the alleged violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2035-36 (1978). More importantly, the underlying specific facts showing such liability must be pleaded; mere conclusions fail to state a claim. *Ulrich v. Pope County*, 715 F.3d 1054, 1061 (8th Cir. 2013). As this Court has held:

> Although civil rights pleadings should be construed liberally, the complaint must contain facts which state a claim as a matter of law and must not be conclusory. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). Like the complaint in *Ashcroft v. Iqbal*, which alleged that supervisory officials "knew of, condoned, and willfully and maliciously agreed to subject the plaintiff to harsh conditions for an illegitimate reason," plaintiff's second amended complaint similarly alleges legal conclusions that are not entitled to a presumption of truth. 556 U.S. 662, 680, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

*HUSAin v. Gholson*, 2024 U.S. Dist. LEXIS 19627, *4 (E.D. Mo. 2024).

    Plaintiff's allegations that seem to attempt to allege any form of *Monell* claim are all conclusory in nature. The allegations against Uplands Park, the Court may note, are

even more attenuated than the very vague allegations made against Vinita Park, with respect to which this Court held:

> In sum, the Complaint is devoid of any facts which, if proven, would establish § 1983 liability against Vinita Park under Monell. There are no alleged facts that plausibly suggest "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by [Vinta Park]'s employees; (2) deliberate indifference to or tacit authorization of such conduct by [Vinta Park]'s policymaking officials after notice to the officials of that misconduct; and (3) an injury by acts pursuant to [Vinta Park]'s custom." Watkins, 102 F.4th at 954 (cleaned up) (citing Mitchell v. Kirchmeier, 28 F.4th 888, 899–900 (8th Cir 2022)). The Complaint fails to allege sufficient facts to state a claim against Vinita Park under § 1983.

(ECF Doc #55, p. 17)

The points made by co-Defendant, Dellwood, Missouri, in support of its similar motion, also apply as to Uplands Park, Missouri, and support dismissal as well.

Conclusion

For all the foregoing reasons, Defendant Uplands Park, Missouri, respectfully request the Court to dismiss Plaintiff's claims against it for their failure to state a claim on which relief can be granted.

/s/Mark H. Zoole
Mark H. Zoole #38635MO
P.O. Box 190549
St. Louis, MO  63119
(314) 223-0436
zoole@sbcglobal.net
Co-counsel for the City of
  Uplands Park, Missouri

Certificate of Service

The undersigned certifies that a true and correct copy of the foregoing was served via the Court Clerk's electronic notification system on counsel of record, on this 24th day of October, 2024.

/s/Mark H. Zoole